

**VANDENBERG & FELIU**
LLP

ATTORNEYS AT LAW
Ray Beckerman
TELEPHONE: 212-763-6809
rbeckerman@vanfeliu.com

June 12, 2008

By Fax (914-390-4085)

The Honorable Charles L. Brieant
United States District Judge
United States District Court for the
   Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    Warner Bros. Records Inc. v. Does 1-4
                SDNY No. 08 Civ. 5149 (CLB)

Dear Judge Brieant:

    We are attorneys for Joan Cassin, who is a defendant named as a "John Doe" in the instant action (the "Doe action") and is the defendant in Warner v. Cassin, 06 Civ. 3089 (SCR), SDNY, White Plains (the "Cassin action"), involving the same alleged copyright infringement. It is evident that the Cassin action is a "related case", which plaintiffs omitted to disclose, hence the assignment of this matter to Your Honor rather than to Judge Robinson.

    We are writing to request designation of this matter as a "related" case and referral back to Judge Robinson, at which time we will move to dismiss based on res judicata.

    Since July 2007, there has been ***pending before Judge Robinson a pre-answer motion to dismiss the complaint*** in the Cassin action, and there was a conference scheduled for ***June 20th***. Judge Robinson had ***stayed discovery pending the determination of the dismissal motion***.

    Subsequent to the completion of the initial round of briefing, numerous additional authorities were submitted to Judge Robinson by lawyers for both sides, reflecting the rapidly developing nature of the law in this area. One of the central issues in the Cassin action, and in all of the RIAA's infringement actions, whether the RIAA's claim that someone 'made files available' states a claim under 17 USC § 106(3), has been decided adversely to the RIAA in a series of cases which were among those submissions, thus suggesting perhaps to the plaintiffs that they could not expect a favorable outcome from the pending motion.

The Honorable Charles L. Brieant
United States District Judge
June 12, 2008
Page 2 of 2

On May 27th the plaintiffs apparently filed a notice of dismissal in the Cassin action. Although an affidavit of service recited that it had been served by mail upon the undersigned, no copy was ever received by the undersigned.

We did not learn of plaintiffs' May 27th notice of voluntary dismissal of the Cassin matter until yesterday, June 11th, through an ECF notice dated June 11th, apprising us of the Court's order dated June 5th.

Today we received an even bigger surprise. That the plaintiffs have filed this third action against the same defendant (the Cassin action was the second, the first being an action against defendant as "John Doe" in the District of Columbia, which was likewise voluntarily dismissed). We find it equally surprising that they failed to designate the third action as a "related" case to the Cassin action, since it involved the very same instance of copyright infringement through the same dynamic IP address on the same date and time.

In the new action they seek immediate discovery before the defendants have even appeared. Thus it is clear beyond peradventure that the dismissal of the Cassin action was a naked attempt at (a) forum shopping, (b) an end run around Judge Robinson's imminent decision of defendant's motion to dismiss complaint, and (c) an end run around Judge Robinson's stay of discovery.

As seems to be a habit with these plaintiffs, they did not serve us with proper notice of the papers they filed on June 4th in the new action, but telephoned me today to apologize for not having effected such service, which is how we learned of this action's existence.

The dismissal of the Cassin action operated as an "adjudication on the merits" under Fed. R. Civ. P. 41(a)(1)(B), since it was the second voluntarily dismissed action in this case. The new Doe action is therefore subject to dismissal for res judicata. We have requested in the Cassin action that Judge Robinson recall his order dated June 4th, and enter an order specifically stating that

- the dismissal is "with prejudice" and
- the dismissal "operates as an adjudication on the merits, Fed. R. Civ. P. 41(a)(1)(B)",

and omitting

- any reference to fees and costs, as it is clear that defendant was a "prevailing party" and is entitled to an attorneys fee award for her reasonable attorneys fees. See, e.g., Riviera

The Honorable Charles L. Brieant
United States District Judge
June 12, 2008
Page 2 of 2


<u>Distributors, Inc. v. Jones</u>, 517 F. 3d 926 (7th Cir. February 20, 2008) and <u>Mostly Memories, Inc. v. For Your Ease Only, Inc.</u>, – F.3d –, 2008 WL 2168642 (7th Cir. May 27, 2008).

We are planning to make a motion to dismiss the Doe action, but believe that the motion should more properly be heard before Judge Robinson in view of the obvious relatedness of the two cases, including at least one common defendant and the very same tortious act.

Accordingly, we respectfully request that (a) this matter be referred to Judge Robinson as being a "related" matter with <u>Warner v. Cassin</u>, 06-CV-3089 (SCR), and (b) the ex parte discovery motion be denied without prejudice to further disposition by Judge Robinson.

Respectfully submitted,

Ray Beckerman (RB8783)

cc: Timothy M. Reynolds, Esq.
    (303-866-0200)