# ROBINSON & COLE LLP

VICTOR B. KAO

885 Third Avenue
Suite 2800
New York, NY 10022
Main (212) 451-2900
Fax (212) 451-2999
vkao@rc.com
Direct (212) 451-2912

June 16, 2008

**By Fax (914-390-4085)**

Honorable Charles L. Brieant
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601

Re:   *Warner Bros. Records Inc. v. Does 1-4*, Case No. 7:08-cv-05149-CLB

Dear Judge Brieant:

We represent Plaintiffs in the above matter and write in response to the letter sent to the Court by counsel for Joan Cassin on June 12, 2008 requesting that this matter be designated as "related" to *Warner Bros. Records Inc. v. Cassin*, 06-cv-3089 (SCR) (the "*Cassin* case"), so that it can be transferred to Judge Robinson, where Ms. Cassin intends to file a motion to dismiss on grounds of *res judicata*.

First, Ms. Cassin is wrong when she argues that, by filing this lawsuit, Plaintiffs are somehow engaged in forum or judge shopping. Plaintiffs originally brought the *Cassin* case against Ms. Cassin because she was identified by her Internet Service Provider, Verizon Internet Services, Inc., as the person responsible for the Internet Protocol address through which the alleged infringement of Plaintiffs' copyrights occurred. Ms. Cassin filed a Rule 12(b)(6) motion to dismiss the *Cassin* case, but otherwise refused to discuss the case with Plaintiffs. It was not until May 27, 2008 that Ms. Cassin's counsel first made clear Ms. Cassin's claim that she is not responsible for the infringement that occurred through her Internet account. Plaintiffs also learned, from their own continued investigation, that other individuals resided in Ms. Cassin's household, including an individual with initials that match the username at issue, "omc@KaZaA." Based on their own continued investigation, and on Ms. Cassin's recent denial of responsibility, Plaintiffs decided that the appropriate course of action was to dismiss the *Cassin* case voluntarily under Rule 41(a)(1)(i) and to file this Doe lawsuit to determine the identity of the true infringer.



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
WHITE PLAINS
NEW YORK CITY
SARASOTA

www.rc.com

# ROBINSON & COLE LLP

June 16, 2008
Page 2

Plaintiffs have no objection to the reassignment of this case to Judge Robinson. Plaintiffs have no concern regarding whether your Honor or Judge Robinson presides over this case and leave the issue of assignment to the Court. Plaintiffs note, however, that this case was not designated as "related" by Plaintiffs because no case related to this one existed at the time this case was filed. "The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit." *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979) (emphasis added). A "voluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court." *Id.* at 1176. Here, no answer had been served and no motion for summary judgment had been filed in the *Cassin* case when Plaintiffs filed their Rule 41(a)(1)(i) notice of dismissal on May 27, 2008 (copy attached). Plaintiffs' Notice was effective upon filing and automatically terminated the *Cassin* case on May 27, 2008. *See Thorp*, 599 F.2d at 1171 n.1 and 1176. Thus, there was no "related" case pending at the time this case was filed on June 4, 2008.

Second, Ms. Cassin's counsel's allegation that Plaintiffs have a "habit" of not providing proper notice of motion papers is baseless. Plaintiffs served their notice of dismissal in the *Cassin* case on Ms. Cassin's counsel by first class mail on May 27, 2008, the same day it was filed. (*See* attached Notice and Certificate of Service). Plaintiffs also stated in their June 4, 2008 Motion for Leave to Take Expedited Discovery in this case that a copy of the Motion for Leave was being served on Ms. Cassin's counsel. (*See* Doc. No. 3, at 2.) When Plaintiffs discovered on June 12, 2008, that the Motion for Leave had not, in fact, been served on Ms. Cassin's counsel as intended, Plaintiffs immediately contacted Ms. Cassin's counsel to apologize for the mistake and to discuss a briefing schedule for Ms. Cassin's anticipated opposition. Rather than conferring with Plaintiffs, Ms. Cassin filed her letter with the Court seeking to transfer this case to Judge Robinson.

Finally, Ms. Cassin's *res judicata* argument based on the two-dismissal rule in Rule 41 has no merit for several reasons. Rule 41 provides, in relevant part, "that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed . . . an action based on or including the same claim." Fed. R. Civ. P. 41(a)(1). The Second Circuit has held that the two-dismissal rule of Rule 41 should be construed narrowly to serve the interests of justice and to preserve a plaintiff's right to be heard on the merits, particularly in the absence of any intent to harass a defendant. *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976). A defendant who was not actually named as a party in prior actions generally may not invoke the two-dismissal rule to bar a third



# ROBINSON & COLE LLP

June 16, 2008
Page 3

action, even if the third action is based on the same claim. *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991).

Here, there has been only one dismissal against Ms. Cassin—*i.e.*, the dismissal of the *Cassin* case on May 27, 2008. For this reason alone, the two-dismissal rule has no application here. In addition, there has never been anything close to an adjudication on the merits of Plaintiffs' claim. The Cassin case involved only a single status conference and a Rule 12(b)(6) motion to dismiss. The court did not rule on the 12(b)(6) motion and no discovery schedule was ever set. Finally, Ms. Cassin has no basis to assert a *res judicata* defense because she is not a defendant in this lawsuit. Indeed, had Plaintiffs intended to maintain Ms. Cassin as a defendant, they would not have dismissed the *Cassin* case. Plaintiffs dismissed the Cassin case based, in part, on her counsel's statement that she was not responsible for the infringement at issue. Unless Ms. Cassin is now changing her story, she is not a Doe Defendant in this case and has no basis to assert a *res judicata* defense.

Respectfully submitted,

*/s/ Victor B. Kao*
Victor B. Kao

cc: Ray Beckerman (via facsimile)
    Timothy M. Reynolds (via email)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; MAVERICK RECORDING COMPANY, a California joint venture; and ARISTA RECORDS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> -against- <br><br> JOAN C. CASSIN, <br><br> Defendant. | Civil Action No.: 06-cv-3089 (SCR) <br><br> **NOTICE OF VOLUNTARY DISMISSAL** |

Pursuant to Fed. R. Civ. P. 41(a)(1)(i), Plaintiffs, Warner Bros. Records Inc., *et al.*, by and through their attorneys, voluntarily dismiss this case without prejudice, each party to bear its own fees and costs. The Clerk of the Court is respectfully requested to close this case.

Dated: Stamford, Connecticut
May 27, 2008

ROBINSON & COLE, LLP

By: _____
Brian E. Moran (BM 8573)
885 Third Avenue, Suite 2800
New York, New York 10022
Phone (212) 451-2900
Fax: (212) 451-2999

Holme Roberts & Owen LLP
Richard Lance Gabriel
Timothy R. Reynolds
1700 Lincoln St. - Suite 4100
Denver, CO 80203
Phone (303) 861-7000
Fax: (212) 866-0200

#1335636 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; MAVERICK RECORDING COMPANY, a California joint venture; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br> -against-<br><br>JOAN C. CASSIN,<br><br>    Defendant. | Civil Action No.: 06-cv-3089 (SCR) |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF VOLUNTARY DISMISSAL has been sent via first class mail, postage prepaid on this 27th day of May, 2008, addressed to:

 Ray Beckerman, Esq.
 Vandenberg & Feliu LLP
 110 E. 42nd St.
 Suite 1502.
 New York, NY 10017
 *Counsel for Defendant*

          _____
          Brian E. Moran (BM-8573)